**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| ERGOTRON, INC., <br><br> Plaintiff, <br><br> v. <br><br> RUBBERMAID INCORPORATED d/b/a RUBBERMAID MEDICAL SOLUTIONS, <br><br> Defendant. | Civil File No. _____ <br><br> **COMPLAINT AND JURY DEMAND** |

Plaintiff Ergotron, Inc. ("Ergotron"), for its Complaint against Defendant Rubbermaid Incorporated d/b/a Rubbermaid Medical Solutions ("RMS"), states and alleges as follows:

## THE PARTIES

1. Ergotron is a Minnesota corporation with its principal place of business at 1181 Trapp Road, Eagan, Minnesota 55121.

2. Ergotron has a long history of innovation in the display mounting technology field and is a leading manufacturer of mounting and mobility products for computer monitors, notebooks, flat panel displays, televisions, and related accessories. Among other things, Ergotron manufactures a complete line of mounting solutions, including wall and desk mount arms, desk stands, carts, and vertical lift systems.

3. Upon information and belief, RMS is an Ohio corporation, having its principal place of business in Huntersville, North Carolina.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the patent laws of the United States, including 35 U.S.C. §§ 271 and 281-285.

5. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and 1400(b) because RMS is subject to personal jurisdiction in this judicial district and, on information and belief, has committed acts of infringement in this district.

## FACTS

7. Ergotron is the owner, by assignment, of all right, title, and interest in United States Patent No. 6,189,849 B1 (the "'849 patent") entitled "Lift System" issued February 20, 2001. A copy of the '849 patent is attached as Exhibit A.

8. Ergotron manufactures, markets, and distributes a lift system covered by the '849 patent under the trademark "StyleView," and Ergotron marks its StyleView product with the '849 patent number.

## COUNT I – PATENT INFRINGEMENT

9. RMS has imported, manufactured, used, sold, and/or offered to sell wall mounted lift system products, including products under the trade names "Tandem Arm" and "Slim Line," (the "Accused Products") that infringe one or more claims of the '849 patent. RMS is further infringing the '849 patent by actively inducing others to infringe and/or contributing to the infringement by others in the making, use, sale, and/or offer for sale of the Accused Products.

10. RMS sells and/or offers to sell the Accused Products throughout the United States. RMS sells the Accused Products through major IT Channel resellers, who offer certain of the Accused Products for sale throughout the United States and elsewhere via their websites.

11. RMS' infringement of the '849 patent has damaged Ergotron, and Ergotron will continue to be damaged in the future unless RMS is preliminarily and permanently enjoined from infringing the '849 patent, inducing infringement of the patent, and contributing to the infringement of the patent by others.

12. Upon information and belief, RMS' infringement of the '849 patent has been willful, deliberate, and intentional.

## PRAYER FOR RELIEF

WHEREFORE, Ergotron prays for judgment that:

A. United States Patent No. 6,189,849 B1 is valid and infringed by RMS;

B. RMS, its officers, agents, servants, directors, employees, affiliated entities, and those persons in active concert or participation with any of them, be enjoined from further infringement of the '849 patent;

C. RMS, its officers, agents, servants, directors, employees, affiliated entities, and those persons in active concert or participation with any of them, be enjoined from continuing to import, manufacture, use, sell, or offer to sell the Accused Products;

D. An accounting be had for the profits and damages arising out of RMS' infringement of the '849 patent;

E.  Ergotron be awarded compensatory and exemplary damages, including treble damages for willful infringement as provided by 35 U.S.C. § 284, with interest, but no less than a reasonable royalty;

F.  Ergotron be awarded its attorneys' fees, costs, and expenses in this action;

G.  Ergotron be awarded pre-judgment and post-judgment interest on its damages, as allowed by law; and

H.  Ergotron be awarded such other relief as this Court may deem just, equitable, and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Ergotron respectfully requests a trial by jury of all issues so triable.

Dated:  May 10, 2010

    s/Kurt J. Niederluecke
Kurt J. Niederluecke (#271597)
Grant D. Fairbairn (#327785)
FREDRIKSON & BYRON, P.A.
200 South Sixth Street, Ste. 4000
Minneapolis, MN 55402
Telephone:  (612) 492-7000
Facsimile:  (612) 492-7077

**ATTORNEYS FOR PLAINTIFF ERGOTRON, INC.**

4736699_1.DOC